GEORGE H. KEMPTON & others *vs.* ASA SWIFT & another.

Under a license to sell all the real estate of an intestate, his administratrix sold, and by deed conveyed, " the residue of the deceased's dwellinghouse that was not set off to his widow as dower in said estate ; reference always being had to the returns and bounds of the widow's thirds for a particular description of the bounds of the premises." *Held,* that the reversion of the estate assigned to the widow as dower did not pass by said deed.

WRIT of entry to recover a tract of land in Fairhaven. The parties submitted the case to the court on the following facts:

In the year 1806, Charles Church, the ancestor of the demandants, being seized in fee of a certain estate, of which the demanded premises are part, died intestate. His estate was insolvent, and the usual proceedings for settling insolvent estates were had. His widow, Keturah Church, was duly appointed

administratrix, and administered upon the estate.  The real estate was appraised at $ 2095, of which one third was assigned to the widow as her dower.  The assignment of dower by the commissioners was thus :  " We set off to Keturah Church, widow of said deceased, the lower part of the said deceased's dwellinghouse, with the front chamber and entry way to pass to said chamber, and one half of the garret, the west half over said front chamber, with two third parts of the cellar in said house, and the kitchen, and a privilege to the well of water at all times to use, reserving to whomsoever may improve the residue of said house to use the oven and well of water and to pass through said kitchen ; all which we appraised at $ 698."

On the 8th of September, 1806, said administratrix petitioned the court of common pleas for liberty to sell the whole of the deceased's real estate, for the purpose of paying his debts ; and a license to sell the whole was duly granted.  In pursuance of that authority, the administratrix made sale of real estate of said deceased, in Feb. 1807, to one Joseph Howland, and in her deed of conveyance to him, the description of the property sold was this :  " The residue of the deceased's dwellinghouse that was not set off to his widow as her power of thirds in said estate.  It is the whole of the privileges in the said house, well and yards about said house, that was not set off to said widow, reference always being had to the returns and bounds of the said widow's thirds for a particular description of bounds of the premises."

On the 24th of February, 1807, said Joseph Howland reconveyed the same premises to said Keturah Church, and the consideration in both deeds was $ 280.  Said Keturah occupied the whole estate until her decease in 1837.  In 1838, Asa Swift, one of the tenants, was appointed administrator *de bonis non* on the estate of said Charles Church, and by virtue of a license from the probate court, duly sold and conveyed a portion of the said deceased's estate, to the other tenant, Deborah H. Wayman.  The deed from A. Swift to D. H. Wayman described the estate thereby conveyed as " being all the remainder of the real estate of said Charles Church, to wit, all that part of

the real estate which was set off to Keturah Church, widow of the said Charles, for her dower, and is the lower part of the said deceased's dwellinghouse, with the front chamber and entry way to pass to said chamber, and one half of the garret, the west half over said chamber, with two thirds of the cellar in said house, and the kitchen and a privilege to the well of water."

The proceeds of said sale were duly accounted for, by said Swift, at the probate court, and applied towards the payment of the debts of said Charles Church. The said Swift has disclaimed all title to the demanded premises, and the other tenant, Deborah H. Wayman, is in occupation thereof claiming under said deed of said Swift. The demandants are the legal heirs of both said Charles and said Keturah Church.

Judgment to be rendered for the demandants if the deed of Keturah Church to Joseph Howland conveyed the demanded premises, to wit, the reversion of the premises set off as dower to said Keturah; otherwise, the demandants to be nonsuit.

*Colby & Clifford*, for the demandants. The case of *Leverett v. Armstrong*, 15 Mass. 26, supports the demandants' claim. Exceptions in a deed conveying land are to be taken most favorably for the grantee. *Jackson v. Hudson*, 3 Johns. 375. *Marshall v. Niles*, 8 Connect. 369. In *Symmes v. Drew*, 21 Pick. 278, which will be relied on by the tenants, the administratrix was not licensed, as in this case, to sell the *whole* of the intestate's real estate.

*Page*, (*W. Baylies* was with him,) for the tenants. The case of *Symmes v. Drew*, 21 Pick. 278, is decisive of the case at bar. The reversion could not be sold under the license granted to the administratrix. A special license for that purpose was required by *St.* 1784, *c.* 2. Besides, the description of the estate conveyed by the administratrix, instead of including the reversion, expressly excludes that part of the estate which had been set off as dower.

WILDE, J.    The demandants are the heirs of Charles Church, the former owner of the demanded premises, and of Keturah Church his widow, and are entitled to recover, unless the tenant Deborah H. Wayman has derived a good title to the

premises under the deed to her from the other tenant Asa Swift, administrator *de bonis non* on the estate of the said Charles Church. And it is admitted that her title is valid, unless the premises were by a previous deed conveyed by the said Keturah, administratrix on the said Charles Church's estate, to one Joseph Howland. By that deed the said Church's real estate was conveyed, and " the residue of the deceased's dwellinghouse that was not set off to his widow as her power of thirds in said estate ; it is the whole of the privileges in the said house, well and yard, that was not set off to said widow, reference always being had to the returns and bounds of the widow's thirds for a particular description of the bounds of the premises." By this description it is very clear that the reversion of the estate which had been before assigned to the widow did not pass. It is true that an exception in a deed, when expressed in doubtful terms, is to be construed most favorably to the grantee. But the description of the land conveyed by the deed in question is perfectly clear, and can admit of but one construction. The land conveyed is expressly bounded by the bounds of the widow's thirds. This reference to boundaries conclusively excludes any right or interest in the widow's thirds.

There is another defect in the demandant's title, which confirms, if any confirmation be necessary, the construction we give to the said deed. By *St.* 1784, *c.* 2, it was provided that the housing and lands assigned to the widow of an insolvent debtor should be sold at the expiration of her term, and be distributed among his creditors, unless the reversion should be sold by the executor or administrator, and distributed with the other estate, which the judge might order if he saw fit, upon application therefor.

No application was made to the judge of probate for license to sell the reversion in the demanded premises, and no order to tnat effect was by him made. The administratrix, therefore, was not authorized to make sale of the reversion, and it is manifest, by the language of the deed, that she never intended to make any such sale.

The estate assigned to her was regularly sold, after the expi

ration of her term, by the administrator *de bonis non,* to Deborah H. Wayman, the tenant ; and her title under that conveyance is unquestionably valid.

*Demandants nonsuit.*